UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS BANK, N.A.,
etc.

        Plaintiff,

v.                                  CASE NO. 8:11-CV-1725-T-17EAJ

FARRELL HOMES, INC.,
etc., et al.,

        Defendants.
_____/

ORDER GRANTING MOTION FOR SUMMARY AND DEFAULT JUDGMENT

This cause is before the Court on Plaintiff Stearns Bank, N.A.'s Motion for Summary Judgment and Default Judgment, and supporting exhibits (the "Motion"). (Dkt. 20.) Defendants did not respond to the Motion within the time allotted under Local Rule 3.01(b); however, the Motion can be resolved without the need for a response.

Plaintiff Stearns Bank, N.A., as successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation as receiver for First State Bank, brings this action to foreclose on a mortgage granted by Farrell Homes, Inc. on real property located in Pinellas County, Florida (the "Mortgage"), and to recover damages for breach of a note executed by Farrell Homes, Inc. (the "Note") and guaranty executed by Michael and Judith Farrell (the "Guaranty").

The real property securing the Mortgage is owned by Farrell Homes, Inc., who defaulted under the loan by failing to pay the balance due under the Note on the maturity date. Michael Farrell and Judith Farrell breached the Guaranty by failing to pay the amount due under the Note after Farrell Homes, Inc.'s default. Plaintiff then

Case No. 8:11-CV-1725-T-17EAJ

accelerated the balance of the Note and filed the instant action.
Defendant Lots 9, 10, 11, 12, 13 AND 14, Block 127 AND Lots 1 Through 16, Inclusive, Block 138, 2nd Addition Homeowner's Association, Inc. ("HOA") failed to answer or otherwise respond to the allegations of Plaintiff's Complaint, and on November 2, 2011, the Clerk entered a default against HOA. (Dkt. 19.) Upon entry of a default, "the well-pleaded allegations of a complaint relating to liability are taken as true." See, e.g., Dundee Cement Co. v. Howard Pipe and Concrete Prod. Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). But entry of default does not in itself warrant entry of a default judgment. See, Idearc Media, LLC v. The Hamilton Group Management Co., Inc., 2010 WL 76975, at *1 (M.D. Fla. Jan. 7, 2010). A district court must first examine in further detail the defendants' liability under the causes of action alleged in the complaint and assess in its discretion whether a default judgment is due. Id.; see Seaway Homes v. Butler, 2007 WL 4557195, at *4 (M.D. Fla. Dec. 20, 2007). Having done so, the Court finds Plaintiff is entitled to entry of a final default judgment in its favor against Defendant HOA.

Defendants Farrell Homes, Inc., Michael Farrell and Judith Farrell's (the "Farrell Defendants") responded to Plaintiff's Complaint (Answers, Dkts. 12-14), and raised the sole defense of failure to satisfy conditions precedent, or more specifically, failure to make proper presentment of the original note. However, the Farrell Defendants waived presentment in the Note. The Farrell Defendants generally deny that they owe Plaintiff the balance of the loan.

Summary judgment is warranted in the absence of a "genuine dispute as to any material fact." Fed. R .Civ. P. 56(a). Where the record taken as a while could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (citations omitted). On a motion for summary judgment, the court must review the record, and all of its inferences, in the light most favorable to the nonmoving party.   United States v.

Case No. 8:11-CV-1725-T-17EAJ

Diebold, Inc., 369 U.S. 654, 655 (1962) (citations omitted).

Having reviewed the record, and all of its inferences, in the light most favorable to the nonmoving party, the Court finds that Plaintiff is entitled to the entry of a final summary judgment in its favor against the Farrell Defendants. The Farrell Defendants cannot demonstrate either a genuine dispute as to either their indebtedness or their waiver of presentment.

The undisputed material facts establish that: (I) Farrell Homes, Inc. executed and delivered to First State Bank the Note and Mortgage (Answers, ¶ 11; Affidavit of Laurel Flynn, Dkt. 20, Ex, 2, ¶ 4); (ii) the Mortgage and all modifications to the Mortgage were properly recorded (Answers, ¶¶ 11, 13, 17; Affidavit of Laurel Flynn, ¶¶ 4, 6, 10); (iii) Stearns Bank, N.A. owns and holds the Note and the Mortgage (Affidavit of Laurel Flynn, ¶ 14); (iv) the subject real property is owned by Farrell Homes, Inc. (Answers, ¶ 10); and (v) Farrell Homes, Inc. defaulted under the Note by failing to fully repay the loan upon maturity (Affidavit of Laurel Flynn, ¶ 12). Therefore, all of the requisite elements of a foreclosure claim are present here. See David v. Sun Federal Sav. & Loan Ass'n., 461 So. 2d 93, 95-96 (Fla. 1984) (delineating the elements of a foreclosure claim).

The undisputed material facts also establish the existence of all elements of an action on a promissory note. See Student Loan Marketing Ass'n v. Morris, 662 So. 2d 990, 991 (Fla. 2d DCA 1995) (delineating the elements of an action on a promissory note). Farrell Homes, Inc. breached the Note by failing to timely pay all amounts due to Plaintiff and the entire debt secured by the Mortgage is due. (Affidavit of Laurel Flynn, ¶ 12.) Further, the undisputed material facts establish Plaintiff's entitlement to damages under the Guaranty. Michael and Judith Farrell violated the Guaranty by failing to pay the amount due under the Note upon the loan's maturity and the entire indebtedness secured by the Mortgage is due.

Case No. 8:11-CV-1725-T-17EAJ

The Farrell Defendants cannot defend themselves against Plaintiff's claims on grounds that Plaintiff failed to make proper presentment of the original note because the Note specifically states that "Borrower and any other person who signs, guarantees, or endorses th[e] Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor." (Affidavit of Laurel Flynn, ¶ 4, Ex. B, page 2). See Chris-Craft Indus., Inc. v. Van Valkenberg, 267 So. 2d 642, 646-47 (Fla. 1972) (finding meritless a "notice of dishonor" affirmative defense because the note contains a waiver of protest, which "is deemed to be a waiver of presentment and notice of dishonor") (citing Layton v. Orr, 187 So. 704 (1939)).

Plaintiff seeks appointment of a special master to conduct the foreclosure sale, which is authorized by Rule 53(a)(1)(C), Federal Rules of Civil Procedure. Absent a basis for disqualification, federal courts routinely appoint special masters to conduct foreclosure sales. See Stearns Bank, N.A. v. Farrell Homes, Inc., et al., Case No. 8:11-CV-1724-T-26TBM, Dkt. 23 (M.D. Fla. Jan. 20, 2012); GE Capital Franchise Finance Corp. v. CJS Holdings, Inc., Case No. 8:11-CV-997-T-26MAP, Dkt. 29 (M.D. Fla. Oct. 4, 2011); Fifth Third Bank v. North Port Gateway, LLC, et al., Case No. 8:11-CV-29-TBM, Dkt. 84 (M.D. Fla. Feb. 16, 2011). Neither a district judge nor a magistrate judge is available to timely and effectively address this matter. No basis exists for disqualification of the proposed Special Master Matthew J. Meyer. (See Declaration of Matthew J. Meyer, Dkt. 20, Ex. 3.)

ACCORDINGLY, it is ORDERED and ADJUDGED:

1. Plaintiff's Motion for Summary and Default Judgment (Dkt. 20) is **granted**.
2. The Court will enter a separate final judgment of foreclosure and order of sale shall in accordance with this Order.
3. Upon entry of the final judgment, the Clerk of Court shall close this case

Case No. 8:11-CV-1725-T-17EAJ

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 2nd day of February, 2012.

*/s/ Elizabeth A. Kovachevich*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record